UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

IVAN RELIFORD,                            )
                                          )
              Petitioner,                 )
                                          )
v.                                        )        Case No. 4:07CV1424 CDP
                                          )
TROY STEELE,                              )
                                          )
              Respondent.                 )

## MEMORANDUM AND ORDER

This matter is before me on the petition for writ of habeas corpus filed by

petitioner Ivan Reliford.  I referred this matter to United States Magistrate Judge

David D. Noce for a report and recommendation on all dispositive matters

pursuant to 28 U.S.C. § 636(b).  On September 8, 2010, Judge Noce filed his

recommendation that petitioner's habeas petition should be denied.

Petitioner objects to the Report and Recommendation.  In his objections,

petitioner merely restates the arguments made in his habeas petition.  Petitioner

argues that he received ineffective assistance of counsel because his attorney

failed to call a witness, Mr. Wilson, who would have testified that the victim made

a prior inconsistent statement about the identity of her attacker, that his attorney

was ineffective for failing to request an alibi instruction, and that he is entitled to

relief because the Missouri Court of Appeals "ruled that the alibi instruction was

warranted and that petitioner was denied effective assistance of counsel on that

ground." I have conducted a <u>de novo</u> review of the entire file, including all

matters relevant to the petition. After careful consideration, I will adopt and

sustain the thorough reasoning of Magistrate Judge Noce and will deny

petitioner's habeas petition.

I have reviewed petitioner's entire file and I find that Judge Noce properly

evaluated the grounds raised in petitioner's petition under the standards set forth

in 28 U.S.C. § 2254(d) and <u>Williams v. Taylor</u>, 529 U.S. 362 (2000), to determine

that petitioner is not entitled to habeas relief. As for petitioner's claim that his

trial counsel was ineffective for failing to call Wilson as a witness to impeach the

victim's testimony with prior inconsistent statements, the state court found no

ineffective assistance because counsel attempted to call him at trial, but the

witness was uncooperative and would not testify willingly. The state court also

noted that counsel sought a continuance to compel Wilson's testimony at trial, but

the trial judge denied a continuance. Judge Noce correctly decided that the state

court's determination was not contrary to, or an unreasonable application of,

federal law and accordingly denied petitioner's ineffective assistance of counsel

claim. <u>See</u> <u>Armstrong v. Kemna</u>, 590 F.3d 592, 596 (8th Cir. 2010); <u>Williams v.</u>

<u>United States</u>, 452 F.3d 1009, 1013 (8th Cir. 2006). Petitioner's objection to this

finding will be overruled, and Ground 1 of petitioner's habeas petition will be denied.

Judge Noce also correctly decided that petitioner was not entitled to relief on Ground 2 of his habeas petition. The state court determined that counsel was not ineffective for failing to request an alibi instruction because counsel's reasons for not requesting the instruction -- that petitioner had given two inconsistent alibis and that petitioner was the only alibi witness -- were strategic trial decisions that did not amount to ineffective assistance of counsel. Judge Noce correctly decided that the state court's determination was not contrary to, or an unreasonable application of, federal law and accordingly denied petitioner's ineffective assistance of counsel claim. See Anderson v. United States, 393 F.3d 749, 753 (8th Cir. 2005) (review of counsel's performance is highly deferential, and court does not second-guess counsel's trial strategy or rely on the benefit of hindsight). Petitioner's objection to this finding will be overruled, and Ground 2 of petitioner's habeas petition will be denied.

Finally, Judge Noce correctly determined that petitioner was not entitled to habeas relief on Ground 3 of his petition. Petitioner continues to erroneously assert that the Missouri Court of Appeals held that he was denied effective assistance of counsel on Ground 2 of his habeas petition. Petitioner is wrong. As

Judge Noce correctly determined, "the appellate court did not rule that petitioner had received ineffective assistance of counsel in this regard as a matter of law, but [] the matter was remanded for an evidentiary hearing on this issue." After the evidentiary hearing, the trial court denied petitioner's post-conviction motion on this ground, and the Missouri Court of Appeals affirmed the denial of post-conviction relief. Because Judge Noce correctly determined that petitioner is not entitled to habeas relief based on an improperly worded Westlaw headnote, petitioner's objections on this ground are overruled, and Ground 3 of his habeas petition will be denied.

Because Judge Noce correctly decided petitioner's claims, I am overruling petitioner's objections to the Report and Recommendation and will deny habeas relief for the reasons stated in the Report and Recommendation. I have also considered whether to issue a certificate of appealability. To grant a certificate of appealability, the Court must find a substantial showing of the denial of a federal constitutional right. See Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997) (citing Flieger v.

Delo, 16 F.3d 878, 882-83 (8th Cir. 1994). Petitioner has not made such a showing. Therefore, I will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation filed on September 8, 2010 [#11]  is adopted and sustained in its entirety.

**IT IS FURTHER ORDERED** that petitioner's objections to the Report and Recommendation [#12] are overruled in their entirety.

**IT IS FURTHER ORDERED** that Petitioner Ivan Reliford's Petition for Writ of Habeas Corpus [#1] is **DENIED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

A separate judgment in accordance with this Memorandum and Order is entered this same date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE


Dated this 27th day of September, 2010.